The Chief Justice
delivered the opinion of the court.
This was a bill in chancery, filed fiy Lynch against Sum-rail, in which he alledges that Sumrall agreed to deliver to liinij °n a certain day at Louisville, two thousand dollars worth of pork, at eleven dollars per barrel, for which fié was to pay Sumrall in bills of exchange drawn in his favor by A. Burr on G. M. Ogden, ofN. York; that he delivered the bills to Sumrall, and that Sumrall has failed to comply with his contract by delivering the pork on the day agreed on, or at any other time; but that, for want of the requisite P^of, he cannot maintain a suit at law, and therefore prays a discovery,and for relief. Sumrall answered and demurred. In his answer he admits, in substance, the con-tract as alledged in the bill, and that he failed to comply with it; but the circuit court, on the demurrer, adjudging *469 the ease not proper for relief in a court of equity, dismissed the bill.
Littett for plaintiff, Hardin for defendant in error.
He will do so in cases where he is competent to g a relief by his v,vn proper .pevvor, but if foreign*' aid is necessary (as a jury) to ascertain .the extent of the relief, he will aid the law tribunal by-forcing a discovery, and' thenleave the parties- to i%w: Vide ante 24, Handly’s ex’or vs. VitzhugW • & ante, Jenkins vs. Green.
There can be no doubt that the law would afford to Lynch an adequate remedy for a breach of the contract on the part of Sumrall, and that if a court, of equity can entertain jurisdiction for the purpose of giving relief, it must be in consequence of the discoverj that is sought. It is certain that a court of equity will give relief in some-cases, on the ground of a discovery being sought where it would not otherwise entertain jurisdiction, but it is equally certain that it will not do so in every case. The true distinction upon this subject seems to be between those cases in which the intervention of a jury ⅛ not, and those in which, it is, necessary to ascertain the quantum of relief to which the complainant may be entitled. In the former class of cases a court of equity will give relief, because it can do so by its own proper means, without resorting to foreign aid; but in the latter it will not give relief, not having the pbwerto do so without the aid of a jury, which is a coromon law tribunal. The intervention of a jury is, we apprehend, indispensably necessary to ascertain the quantum Of damages which may have accrued by a breach of the contract in the present case; and if so, it must be of' that description of cases of which a court of equity, though it will lend its assistance to the remedy sought at law, by coercing a discovery,will not entertain jurisdiction for the purpose of giving relief. i ^
The decree, therefore, o£ the circuit court dismissing' the bill, is correct, and must be affirmed with costs.
Under par. tjcular circumstances, a to's "'corner was made "be-yand .the ^ance^ called tenq a'party in pursuit of tsvat corner d-stance."
a call for a yisibleobjec wph another call fur a ⅞11*’ noft íe senses,0 yáU control the ob =ec'S1 p:r 271, m r-süallvs. Rus-c^és*ftíth“re cited. ⅛